UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCIS G. MITCHELL,<br><br>         Movant,<br><br>-against-<br><br>CHRISTOPHER FRATTINI; GREGORIOUS HATZIMICHAEL; MOZART PRUDENT,<br><br>         Respondents. | 1:22-CV-2352 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  On March 22, 2022, Francis G. Mitchell, of Devon, Pennsylvania, who appears *pro se*, filed: (1) a motion under the Federal Arbitration Act to vacate, modify, or correct an arbitration award issued in New York County (Manhattan), New York, on December 22, 2021; and (2) an application to proceed *in forma pauperis* ("IFP"). (ECF 1-3.) He names as respondents Christopher Frattini, Gregorious Hatzimichael, and Mozart Prudent. The Court granted Mitchell's IFP application on March 30, 2022.

  On April 4, 2022, Mitchell filed: (1) his amended motion to vacate or modify an arbitration award; (2) his application for the Court to request *pro bono* counsel; and (3) his consent to electronic service of court documents. (ECF 5-7.) Two days later, on April 6, 2022, Respondents, via their counsel, filed a cross-motion to confirm the arbitration award, as well as a memorandum and an attorney declaration in opposition to Mitchell's motion to vacate the award and in support of Respondents' cross-motion to confirm the award. (ECF 8.)

  For the reasons set forth below, the Court grants Mitchell leave to file a second amended motion to vacate or modify an arbitration award within 30 days of the date of this order, and denies Mitchell's application for the Court to request *pro bono* counsel without prejudice to Michell's filing another such application in this matter at a later date.

**STANDARD OF REVIEW**

The Court must dismiss an IFP action, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss an action when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* submissions liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

Any application for relief under the Federal Arbitration Act "shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. Thus, any such application is not subject to the pleading requirements articulated by the Federal Rules of Civil Procedure for a complaint commencing a federal civil action. *See Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 46 (2d Cir. 1994).

**BACKGROUND**

In his amended motion to vacate or modify an arbitration award, Mitchell states that he is a citizen of Pennsylvania and that Respondents – Christopher Frattini, Gregorious Hatzimichael, and Mozart Prudent – are all citizens of New York. He invokes the Court's diversity jurisdiction, and asserts that he brings this matter under the Federal Arbitration Act. He also states that "[s]ervice is being effectuated pursuant to 9 U.S.C. § 12 and [Local Civil Rule] 5.2." (ECF 5, at 2.) He asks this Court to "vacat[e] an Award [issued] by a three-member arbitration panel conducted through [the Financial Industry Regulatory Authority's (FINRA)] Dispute Resolution,

Inc., in favor of" Respondents. (*Id.* at 1.) He also asks this Court to remand this matter "for rehearing by a new arbitration panel or, in the alternative, . . . modif[y] or correct[] . . . the award [to] vacat[e] the imposition of attorney's fees." (*Id.*) Mitchell asserts that "[t]he arbitral panel issued [the] final amended award [that is the subject of this matter] in the County of New York upon the disputing parties on December 22, 2021." (*Id.*)

## DISCUSSION

### A.  Subject matter jurisdiction

The Federal Arbitration Act ("FAA") does not independently grant subject matter jurisdiction to a federal district court. *See, e.g.*, *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983). "A federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'" *Badgerow v. Walters*, No. 20-1143, ___ S. Ct. ___, 2022 WL 959675, at *4 (Mar. 31, 2022) (citation omitted). Thus, "an applicant seeking, for example, to vacate an arbitral award under Section 10 [of the FAA] must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" *Id.* (citation omitted). If the applicant shows that the matter falls under the Court's federal question or diversity jurisdiction, as set forth generally in 28 U.S.C. §§ 1331 and 1332, then a federal district court may consider a motion under the FAA. *See id.* at *5.

A federal district court has subject matter jurisdiction of a matter only when a "federal question" is presented, 28 U.S.C. § 1331, or under its diversity jurisdiction, such as when the opposing parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332(a)(1). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298,

3

301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

A litigant may establish a federal district court's diversity jurisdiction by showing that he and his opponents are citizens of different states and, to a "reasonable probability," the amount in controversy is in excess of the sum or value of $75,000, the statutory jurisdictional amount. 28 U.S.C. § 1332(a)(1); *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Because Mitchell asserts that he is a citizen of Pennsylvania and that Respondents are all citizens of New York, Mitchell has shown that the parties are diverse. It is unclear from Mitchell's amended motion (and, for the matter, from Respondents' submissions), however, whether this matter satisfies the amount in controversy to establish diversity jurisdiction – an amount in excess of the sum or value of $75,000.[1]

In light of Mitchell's *pro se* status, the Court grants Mitchell leave to file a second amended motion to vacate or modify an arbitration award in which he alleges facts showing that the Court has diversity jurisdiction to consider this matter. Mitchell should specify why the amount in controversy for diversity jurisdiction – an amount in excess of the sum or value of $75,000 – has been satisfied in this matter. Because Mitchell's second amended motion will

---

[1] In the award at issue, the arbitration panel found Mitchell liable to Respondents for attorneys' fees in the amount of $15,000, and assessed additional fees to Mitchell, all fees (attorneys' fees and additional fees) totaling $25,450. (*See* ECF 5-2.)

completely replace, not supplement, his original and amended submissions, any facts, claims, or documents that Mitchell wants to include from his original or amended submissions must be repeated in, or attached to, his second amended motion.

**B.     Application for the Court to Request *Pro Bono* Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of this matter, the Court denies Mitchell's application for the Court to request *pro bono* counsel (ECF 6) without prejudice to Mitchell's filing another such application in this matter at a later date.

## CONCLUSION

The Court grants Mitchell leave to file a second amended motion to vacate or modify an arbitration award that complies with the standards set forth above. The Court denies Mitchell's application for the Court to request *pro bono* counsel (ECF 6) without prejudice to Mitchell's filing another such application in this matter at a later date.

Mitchell must submit the second amended motion to vacate or modify an arbitration award to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Motion to Vacate or Modify an Arbitration Award," and label the document with docket number 1:22-CV-2352 (LTS). If Mitchell fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this matter for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court will not

consider any of Respondents' requests for relief unless and until Mitchell has filed a second amended motion in compliance with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Mitchell has consented to electronic service of court documents. (ECF 7.)

SO ORDERED.

Dated:  April 7, 2022
          New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                              Chief United States District Judge