UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCIS G. MITCHELL,

               Petitioner,

- against -

CHRISTOPHER FRATTINI, ET AL.,

               Respondents.

22-cv-2352 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

    The petitioner, Francis G. Mitchell, a citizen of Pennsylvania, ECF No. 22, ¶ 1, brought this action against the respondents, Christopher Frattini, Gregorios Hatzimichael, and Mozart Prudent, citizens of New York, id., seeking to confirm, vacate or modify an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. See ECF No. 22 ("Petition").

    The respondents have now moved to dismiss the Petition for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the respondents' motion to dismiss is **granted**.

I.

    The petitioner and the respondents participated in an arbitration conducted by a three-member panel of the Financial Industry Regulatory Authority ("FINRA") Dispute Resolution Services. The underlying arbitration concerned alleged breaches

of employment agreements between the petitioner and the respondents, and for the respondents' alleged tortious interference with the petitioner's contracts with a third-party United States broker dealer.

The petitioner is a "financial services executive" who acquired the business of a New York broker dealer, John Carris Investments ("JCI"). ECF No. 28 at 6. The petitioner then entered into an agreement with another New York broker, Coastal Equities, Inc. ("CEI"), providing that the petitioner would own, manage, and supervise a CEI branch. Id. at 7. Eventually, the relationship between the petitioner and CEI broke down. At this point, the petitoner alleged that the respondents breached their agreements with the petitioner, and interfered with the petitioner's agreement with CEI, by "negotiat[ing] a separate agreement with CEI to set up a new branch office under their management," and "induced certain other Petitioner employees to breach their agreements with Petitioner and join their enterprise to the detriment of Petitioner." Id. at 9.

On December 22, 2021, the FINRA panel returned an award for the respondents in the amount of $25,450, consisting of attorney's fees of $15,000, filing fees of $1,575, postponement fees of $1,125, last-minute cancellation fees of $1,800, discovery-related motion fees of $800, contested motion for

issuance of subpoena fees of $200, and total hearing session fees of $4,950. Casagrande Decl., Ex. 1, ECF No. 31-1, at 3-5.

The petitioner now seeks an order to vacate or modify the arbitration award pursuant to 9 U.S.C. §§ 10-11. ECF No. 22, at 5. The petitioner also seeks damages in the amount of $121,240 related to the matters underlying the arbitration. Id. at 1.

## II.

"A case is properly dismissed under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). To prevail against a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Id. In considering such a motion, the Court generally must accept as true the material factual allegations in the complaint. See J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). However, the Court does not draw all reasonable inferences in the plaintiff's favor. Id. Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

### III.

Federal courts are courts of limited jurisdiction. The two general bases of federal jurisdiction are federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332.

### A.

No federal question issue is present allowing this case to be within the purview of this Court's federal question jurisdiction. The Federal Arbitration Act is not an independent grant of jurisdiction to hear cases that arise under that Act. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). The petitioner asserts that the Court can look through the award to find that federal issues permeated the underlying arbitration. However, this Court may not look through arbitration awards pursuant to petitions to vacate or modify those awards under 9 U.S.C. §§ 10-11. See Badgerow v. Walters, 142 S. Ct. 1310, 1317-18 (2022). The petitioner claims that this matter is brought under 9 U.S.C. § 4, which allows courts to look through arbitration awards. See Vaden v. Discover Bank, 556 U.S. 49, 62 (2009). However, 9 U.S.C. § 4 applies to motions to compel arbitration, and this proceeding is instead a motion to vacate or modify an arbitration award pursuant to 9 U.S.C. §§ 10-11. A motion to vacate or modify an arbitration award pursuant to 9 U.S.C. §§ 10-11 does not arise under federal law.

See United States v. Am. Soc'y of Composers, Authors, and Publishers, 32 F.3d 727, 730-31 (2d Cir. 1994).[1] Accordingly, Badgerow applies to the petitioner's claim and forecloses this Court's ability to look through the arbitration award to determine whether there is federal jurisdiction over the underlying substantive dispute.

The petitioner also argues that he is entitled to federal question jurisdiction because this is an international arbitration that arises under the New York Convention. The New York Convention provides that actions "falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. Under the same Convention, "[a]n agreement or award . . . which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." Id. § 202.

---

[1] 9 U.S.C § 10 deals with motions to vacate arbitration awards. 9 U.S.C. § 11 deals with motions to modify arbitration awards. Neither Section contains the language in 9 U.S.C. § 4 that the Court in Badgerow found to indicate that the Court could look through the arbitration to the underlying substantive dispute in order to find a basis for federal jurisdiction. See Badgerow, 142 S. Ct. at 1316-17.

"[T]he New York Convention applies to arbitral awards 'made' in a foreign country that a party seeks to enforce in the United States . . ., to arbitral awards 'made' in the United States that a party seeks to enforce in a different country, and to nondomestic arbitral awards that a party seeks to enforce in the United States." CBF Industria de Gusa S/A v. AMCI Holdings, Inc., 850 F.3d 58, 70 (2d Cir. 2017). A "nondomestic arbitral award" is an arbitration award "made in the United States because the parties agreed to arbitrate before an arbitrator in the United States," but was either "made within the legal framework of another country, e.g., pronounced in accordance with foreign law" or "decided under the laws of the United States but involves either entities that are not U.S. citizens or, even if only U.S. citizens are involved, also involves property located abroad, or envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." Id. at 73. In other words, nondomestic arbitral awards are nondomestic "on account of their connections with a foreign legal framework." Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia, 11 F.4th 144, 159 (2d Cir. 2021).

In this case, the arbitration is between United States citizens and is sought to be enforced in the United States, precluding the first two categories under the New York Convention. The third category, nondomestic arbitral awards,

6

also does not apply. The arbitral award was between United States citizens and did not involve property located abroad, envisage performance or enforcement abroad, or have any relationship with any foreign state. The award simply required the petitioners to pay a sum of money to the respondents.

The petitioner alleges only that some of the client accounts involved in the underlying dispute belonged to foreign citizens and residents of foreign countries. However, this is insufficient to render the arbitral award a "nondomestic arbitral award." The underlying arbitration involved claims for breaches of employment contracts and tortious interference with contract between United States citizens, including whether the respondents interfered with the petitioner's clients' accounts in the United States. Whether those client accounts in the United States were owned by foreign citizens does not make the arbitration award a nondomestic arbitration award. See Bethlehem Steel Corp. v. Songer Corp., No. 92-cv-2678, 1992 WL 110735, at *1 (S.D.N.Y. May 11, 1992) ("A reading of the plain language of the [New York] Convention indicates that it was not indicated to confer jurisdiction on the federal courts over disputes between United States citizens solely because that dispute may have some relation to a contract one of the parties has with a foreign corporation. . . . [T]he Convention contemplates a much more substantial link to a foreign country before federal

7

jurisdiction is conferred."). Accordingly, the arbitration is not within the scope of the New York Convention, and cannot be heard under this Court's federal question jurisdiction.

**B.**

This case also does not satisfy the requirements of diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between litigants and an amount-in-controversy greater than $75,000. 28 U.S.C. § 1332; See Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806).

In this case, although the litigants are completely diverse, the amount-in-controversy requirement is not satisfied. The arbitration award at issue totaled $25,450, less than the $75,000 demanded by diversity jurisdiction. The petitioner again urges the Court to "look-through" the award to find that the underlying arbitration involved an amount-in-controversy greater than $75,000. But Badgerow forecloses this result. See Badgerow, 142 S. Ct. at 1317-18. The petitioner also relies on 9 U.S.C. § 4, but this is also inapposite because this is not a motion to compel arbitration.

In the current action, the petitioner has also alleged various separate claims for breach of contract, abuse of process, and breach of the obligation of good faith and fair dealing. See Petition, ECF No. 22, ¶¶ 15-28. On the basis of these claims, the petitioner seeks damages in the amount of

$121,240, and claims as a result that the amount-in-controversy requirement is satisfied.

The FAA provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. The Court of Appeals for the Second Circuit, in turn, has construed this to mean that "[s]ince filings in [an FAA proceeding] can only be made and heard in the manner provided by law for the making and hearing of motions, [the respondent] could not have filed an answer here, any more than [the petitioner] could have filed a complaint." ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 112 (2d Cir. 2012). In this case, the petitioner's additional claims amount to the filing of a complaint accompanying the petitioner's original motion to vacate or modify an arbitration award. This is procedurally improper, and therefore the petitioner's additional claims do not contribute to the satisfaction of the amount-in-controversy requirement. Accordingly, the petitioner does not satisfy the requirements of diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the petition is **dismissed without prejudice** for lack of subject matter jurisdiction.

9

## IV.

The respondents bring a separate motion to strike certain elements of the petition pursuant to Federal Rule of Civil Procedure 12(f). However, motions to strike under Rule 12(f) are generally disfavored, and in deciding whether to strike an allegation for impertinence or immateriality, "it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). No such showing has been made, and in any event the case is to be dismissed without prejudice for lack of jurisdiction. Accordingly, the motion to strike is **denied**.

## V.

Finally, the respondents request that the petition be dismissed with prejudice. The respondents argue only that because the petitioner did not respond to this request in the petitioner's reply brief the request should be granted. However, "a dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no res judicata effect." St. Pierre v. Dyer, 208 F.3d 394, 400 (2d Cir. 2000). Because the petition has been dismissed without prejudice for lack of subject matter jurisdiction, the respondents' request is **denied**.


**CONCLUSION**

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the respondents' motion to dismiss is **granted**. Therefore, the petition is dismissed without prejudice for lack of subject matter jurisdiction.[2] The Clerk is directed to close this case and to close all pending motions. The Clerk is also directed to mail a copy of this Memorandum Opinion and Order to the pro se plaintiff and note service on the docket.

**SO ORDERED.**

**Dated:**    **New York, New York**
        **November 22, 2022**

*/s/ John G. Koeltl*
John G. Koeltl
United States District Judge

---

[2] In his most recent filing, the petitioner asked that, if his petition is dismissed, he be allowed to pursue his claims in state court. Because the current petition is dismissed without prejudice, the dismissal has no effect on the petitioner's ability to pursue his claims in state court.